GEORGE D. HENDRICKSON, SUBSTITUTED PLAINTIFF, ETC., RESPONDENT, v. HARRY FRIELAND, IMPLEADED, ETC., APPELLANT.

Submitted October 25, 1929—Decided May 19, 1930.

For the appellant, *William Greenfield.*

For the respondent, *Samuel I. Kessler.*

The opinion of the court was delivered by

PARKER, J.  Of the points urged for a reversal of this judgment against Frieland, who was brought in as owner by amendment, we find it necessary to consider only one, which is that the lien had been in law discharged by failure of the claimant to prosecute his claim diligently within one year from the date of issuing summons.  *Comp. Stat., p.* 3305, § 18.  To elucidate the point, a short chronological account of the proceeding is required.

The lien claim was filed on March 31st, 1926, and suit thereon was begun April 1st, 1926.  In June, 1926, there was a motion to amend the claim, which was contested, and decided early in July, and on the 15th of that month judgment interlocutory was entered as against certain defaulting defendants with whose rights we are not now concerned.  On July 8th there seems to have been a new summons and complaint impleading the present appellant who answered in due course on July 24th, and plaintiff replied July 29th. From this point nothing appears on the record or files until January 31st, 1929, a period of two years and six months, at which last date the plaintiff gave notice of a motion "for an order to extend the time to prosecute, and restore the above entitled cause to the list."  On the hearing of the motion, the judge made an order, the text of which was as follows:

"Application having been made, upon notice, for an order extending the time within which to prosecute the above suit and restore same to the list; and, after hearing the argument of William Greenfield, attorney for the defendant, Harry Frieland, and Samuel I. Kessler, attorney for the plaintiff; and it appearing that the matter came on regularly for trial and by agreement between the attorneys it was agreed that the case be tried before this court without a jury, upon an agreed state of facts.  And

"It further appearing that the attorneys cannot agree upon the facts; and plaintiff having given notice of this motion, *and it appearing that there was no undue delay* on the part of the plaintiff in prosecuting this action, it is thereupon on this 13th day of February, 1929,

"Ordered, that the time for prosecution of the above suit be extended, upon the condition that the plaintiff give notice of trial for the April term, 1929."

It is argued for the appellant that the making of this order was legal error. We think that it was. Admittedly, the case had not been noticed for trial at any term later than that of April, 1927, after which it ceased to appear on the calendar until after the above motion had been made and granted. But so far as the state of the case shows (and no criticism of it as incomplete has been made) the only excuse tendered by plaintiff for failing to press it to a trial is that contained in the affidavit by his counsel, the body of which is as follows:

"I was counsel for the Newark Woodworking Company, Incorporated, at the time suit was instituted. On the 23d day of May, 1927, the above matter was duly called for trial before the Honorable William A. Smith.

"In open court, after some discussion, the attorney for the plaintiff and William Greenfield, attorney for the defendant, Harry Frieland, agreed upon the facts and informed Judge Smith that the matter was entirely a question of law. It was then agreed that the case be taken out of the call and that a stipulation of the facts be signed and submitted to Judge Smith for determination without a jury.

"Some months thereafter after numerous telephone calls and conversations, said William Greenfield prepared a state of facts which were submitted to this deponent and this deponent informed Mr. Greenfield that he could not agree upon that state of facts. After considerable conversation and conferences Mr. Greenfield agreed to prepare a new state of facts, which had been mutually agreed upon over the telephone. Since then your deponent has been unable to procure from the defendant's attorney the state of facts in accordance with the agreement in open court."

The substance of this affidavit is that the plaintiff, in the face of the provision of section 18 of the act, that "if the claimant shall fail to prosecute his claim diligently within one year from the date of issuing such summons, or within such further time as the court may by order direct, such lien shall be discharged," and in the face of such decisions as *Buchanan & Smock Lumber Co.* v. *Dougherty,* 88 *N. J. L.* 356, 358, and *Gluck* v. *Ruiz-Urrutia,* 101 *Id.* 558, was content to wait twenty months from the date when he could have had a trial, for the defendant's counsel to prepare a state of facts, which said counsel did prepare and which plaintiff's counsel rejected as unsatisfactory, and waited for defendant's counsel to do it over again. There is not a word in this affidavit to indicate that plaintiff's counsel, whose business it was to prove his case by competent evidence, did one thing toward composing a state of facts except write some letters and make some telephone calls, though the fact that time was running was obvious enough. Obviously enough, also, he could have bestirred himself sufficiently either to prepare and submit a state of facts himself and give his adversary the choice of accepting it or going to a jury trial; or force matters to an issue by serving notice of trial, or applying promptly to the court for an extension. There is perhaps little to be said in extenuation of the conduct of defendant's attorney in agreeing to prepare a second state of facts and not doing it; but when the statute imposes on a claimant the imperative duty to go on with the case, and do so with diligence or lose his lien, he has no right to rely on telephone and sidewalk conversations out of court which by the express language of the Practice act are not to be noticed or considered by the court. Practice act of 1903, section 11.

This case is not like *Ennis* v. *Eden Mills Paper Co.,* 65 *N. J. L.* 577, in which the claimant after pressing his case until it was ripe for judgment, deferred action because of the appointment of a receiver; it is not like Buchanan & Smock Lumber Co. *v.* Einstein, in which a continuance was ordered by the court on application of defendant's counsel, and in which plaintiff with due diligence noticed the case for the

next term and a mistrial resulted; the only lapse being failure to notice it again for the third term. It is substantially similar to *Buchanan & Smock Lumber Co.* v. *Dougherty, supra,* in which we reversed a judgment for the plaintiff on the ground that there was no evidence of diligent prosecution within the year, and that it was error for the trial judge to rely on what he deemed to be a waiver. We said then, and reiterated in *Gluck* v. *Ruiz-Urrutia, supra,* and now repeat, that "the clause in the Mechanics' Lien act fixing the one-year period contemplates the reduction of the lien to judgment within that time if diligent prosecution will accomplish the result. Until prosecuted to judgment the lien is *ex parte* and arbitrary, and in view of this extraordinary feature, and of the disadvantage under which the owner naturally labors in defending against a stale, unjust claim founded upon a contract to the terms of which he is usually an entire stranger, the one-year limitation prescribed by the act *should be strictly enforced* unless the claimant is able to set up a most excellent demonstration that it was not only not because of any fault of his, but in spite of the exercise of at least ordinary diligence on his part that he failed in that time to reduce his *ex parte* lien to the litigated lien embodied in a judgment. The burden is on the claimant to excuse his failure to get a judgment within the year. If he allows the year to pass without judgment, and without a court extension of time order procured within the year, he does so at his peril."

In the case at bar, the only legal evidence before the trial judge seems to have been that on May 23d, 1927, when the case was called for trial, the counsel agreed upon the facts, informed the judge that only a question of law was involved, and further agreed (doubtless in open court though the affi--davit above quoted does not specifically so state) that the case be withdrawn from call and that a stipulation of facts be submitted. From this point the history of the case is a legal blank, as the conversations between attorneys were not binding; and as has been pointed out, there is no suggestion that plaintiff's counsel during the following twenty months did one thing toward putting on paper the facts which he says in his

432

affidavit were agreed on in open court on May 23d, 1927, beyond the futile "conversations and conferences" looking toward defendant's counsel doing plaintiff's appropriate work of proving a case by stipulation.

Clearly this is not "diligent prosecution within the year;" and as there were no other facts before the court, it was error to permit the case to go on, and error to refuse a nonsuit on the ground of lack of diligence.

These considerations lead to a reversal of the judgment, and make it unnecessary to deal with other matters urged by appellant.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.